Aaron JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8608–CR–747.

Supreme Court of Indiana.

Sept. 15, 1987.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A bench trial resulted in a conviction of appellant of Burglary, a Class B felony, Theft, a Class D felony, and Escape, a Class D felony. Appellant was sentenced to fifteen (15) years for burglary and two years each for theft and escape.

The facts are: Linda Scott and Dorothy Lane were next door neighbors. On the afternoon of September 13, 1985, Mrs. Scott observed appellant and his companion in her front yard on their bicycles and then saw them approach Mrs. Lane's house. Appellant approached the house while his companion stayed with the bicycles. At the time, Mrs. Lane was cutting the grass in her backyard and did not know of the presence of appellant and his companion.

Mrs. Scott called the police. While she was on the telephone talking to the police, appellant left Mrs. Lane's home and approached Mrs. Scott's front door where he attempted to enter without knocking. Mrs. Scott advised the police of his activity and they told her they would be there momentarily. When the police arrived, appellant and his companion were attempting to leave on their bicycles. They were arrested and identified by Mrs. Scott.

While police officers were questioning appellant and his companion, appellant walked off the street and sat down near a tree. Mrs. Lane advised police officers that jewelry had been taken from her bedroom. The police then began to conduct a search to recover the jewelry. The jewelry was discovered near the tree where appellant had been seated. Police also located a Kodak Disc Camera, which Mrs. Lane identified as hers. While the police officers were distracted searching for the jewelry, Johnson fled from the police car where he had been placed following his arrest.

■ Appellant claims the trial court erred in finding him guilty of escape. He contends the evidence failed to show that he had been lawfully arrested and placed in custody. However, in appellant's brief, the case of *Carpenter v. State* (1978), 178 Ind. App. 446, 382 N.E.2d 1026 is cited and it is conceded that the trial court did not err in finding appellant guilty of escape. The evidence in this case clearly supports the finding of the trial court that appellant had been under lawful arrest at the time he fled from the police car and that he was therefore guilty of escape.

■ Appellant next claims the evidence was insufficient to support the court's finding of guilty on the charge of burglary. Appellant claims the State failed to establish that a break-in occurred and failed to produce any evidence connecting him with the crime other than his presence at the scene. The State may discharge its burden of proof on the elements of the offense

charged by circumstantial evidence. *Harris v. State* (1981), Ind., 425 N.E.2d 154. From the facts above recited, there is sufficient evidence to support the court's finding that appellant was guilty of burglary. *See Steele v. State* (1985), Ind., 475 N.E.2d 1149 and *Parks v. State* (1979), 270 Ind. 689, 389 N.E.2d 286.

■ Appellant claims the trial court erred in placing him in double jeopardy because of the State's moving forward in a probation revocation proceeding in the Marion Municipal Court, Criminal Division 15, on the same charge as was embodied in the instant information, thus placing appellant in peril of double jeopardy. Here again, appellant's counsel commendably cites *Jackson v. State* (1981), Ind.App., 420 N.E.2d 1239 and concedes that the precedent cited there supports the trial court in its ruling and that appellant was in fact not placed in double jeopardy.

We see no reversible error in this record. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.