**Ernest B. ASHBA, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 85A02–9008–CR–495[1].

Court of Appeals of Indiana, Fifth District.

April 29, 1991.

---

1. This case has been diverted to this office by order of the Chief Judge.

Alan J. Zimmerman, Wabash, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

RUCKER, Judge.

Defendant–Appellant Ernest B. Ashba Jr., appeals an order of the trial court revoking his probation. We affirm.

## I.

In June 1989, Ashba, then 18 years of age, pleaded guilty to Burglary, as a Class B felony. He was ordered to serve two years of a six-year sentence and was placed on probation for a period of four years. After serving a portion of his sentence, Ashba was released from the Indiana Department of Corrections and placed on parole. His parole was scheduled to expire April 23, 1990.

While at liberty on parole, and prior to April 23, 1990, Ashba was arrested and charged with the offense of Minor Possessing, Consuming or Transporting Alcoholic Beverages, a Class C misdemeanor. As a result, after a disciplinary hearing, the Indiana Department of Corrections revoked Ashba's parole and transferred him to a higher security institution for a period of 180 days. Thereafter, a petition for probation revocation was filed and heard. The trial court found that Ashba had violated the terms of his probation by having consumed alcohol and having committed the offense of Minor Consuming Alcoholic Beverages. Ashba's probation was revoked and he was ordered to serve an additional 180 days of his previously suspended sentence.

It is from the probation revocation that Ashba appeals, raising three issues for review which we consolidate and restate as follows:

1. Whether the trial court could properly revoke Ashba's probation while he was on parole from the Department of Corrections.

2. Whether jeopardy bars the use of the same criminal offense for both a parole violation as well as a probation revocation.

## II.

■ Ashba contends that at the time he allegedly committed a criminal offense he was on parole from the Department of Corrections. Ashba asserts that until his term of imprisonment is complete he remains in the legal custody and control of the parole agents and warden of the prison. Therefore, Ashba argues, the trial court lacked jurisdiction to revoke his probation because he had not begun his probationary term at the time of the actions giving rise to the revocation.

Since this is an issue of first impression in the state of Indiana, we turn to other jurisdictions for guidance. The United States Court of Appeals was confronted with a similar issue in *United States v. Ross,* 503 F.2d 940 (5th Cir.1974). In *Ross,* the defendant asserted that since the federal statute establishing guidelines for probation and its revocation provides for termination, alteration, or suspension of probation for a violation occurring "at any time within the probationary period" that revocation of probation before the time the probation actually begins is an abuse of discretion. The court found this contention groundless and that it had only superficial, if semantic appeal. The opinion went on to indicate:

> The appellant would have us read this provision as exclusive; only if an individual is "on probation" may probation be revoked. Otherwise, he asserts, there are no conditions of probation which a potential probationer could violate and hence he would have no notice as to a course of conduct by which he could avoid revocation.
>
> Aside from the fact that Section 3653 is not by its terms exclusive, case law and sound policy reject Ross's contentions.
>
> \*   \*   \*   \*   \*   \*
>
> Sound policy requires that courts should be able to revoke probation for a defendant's offense committed before the sentence commences; an immediate return to criminal activity is more reprehensible than one which occurs at a later date.

*Id.* at 943.

A number of other jurisdictions have also adopted the position that the trial court may revoke a defendant's probation before the defendant completes his sentence and begins his probationary period. *See Gant v. State* (1982), Alaska Ct.App., 654 P.2d 1325; *Wilcox v. State* (1981), Ala., 395 So.2d 1054; *Stafford v. State* (1984), Fla., 455 So.2d 385; *Brown v. Commonwealth* (1977), Ky.Ct.App., 564 S.W.2d 21; *Roberts v. State* (1979), 148 Ga.App. 708, 252 S.E.2d 209. *State v. Sullivan* (1982), 197 Mont. 395, 642 P.2d 1008; *State v. Jacques* (1989), R.I., 554 A.2d 193.

In the case before us, Ashba was originally sentenced to a term of six years imprisonment. He was ordered to serve two years with the remaining four suspended and for which he was placed on probation. The probation statute in effect at the time of Ashba's sentencing dictated in pertinent part:

> (a) Whenever it places a person on probation, the court shall specify in the record the conditions of the probation.... The court may: (1) modify the conditions (except a fee payment under subsection (b)); or (2) terminate the probation; *at any time.* If the person commits an additional crime, the court may revoke the probation.

Ind.Code § 35–38–2–1 (emphasis added).

> (f) If the court finds that the person has violated a condition *at any time* before termination of the period, it may: (1) continue him on probation, with or without modifying or enlarging the conditions; or (2) order execution of the sentence that was suspended at the time of initial sentencing.

Ind.Code § 35–38–2–3 (emphasis added). As a general rule of statutory construction, words and phrases must be given their plain and ordinary meaning unless a different meaning is manifested. *Herbert v. State* (1985), Ind.App., 484 N.E.2d 68. In the above statues we construe the language "at any time" as permitting the trial court to terminate probation before a defendant has completed serving his sentence or to revoke probation before the defendant enters the probationary phases of his sentence.

Once a defendant is convicted of a criminal offense the trial court, in its discretion, may suspend a portion of the sentence and place the defendant on probation. Ind. Code § 35–38–2–1. This grant of conditional liberty is a favor, not a right. *Duncanson v. State* (1979), 181 Ind.App. 370, 391 N.E.2d 1157. While at liberty on parole, should a defendant engage in unlawful activity, he thereby violates a condition of probation. *See Jaynes v. State* (1982), Ind. App., 437 N.E.2d 137 (good behavior or lawful conduct is automatically a condition of probation). At that point, the sentencing court has the authority to revoke probation that was previously given.

We hold that once Ashba engaged in unlawful activity, he violated the terms of his probation. Those terms attached to his suspended sentence from the moment the sentence was imposed.

The trial court did not err in considering the petition for probation revocation even though Ashba was on parole from the Department of Corrections.

### III.

Ashba next contends the parole revocation for the offense of Minor Possessing, Consuming or Transporting Alcoholic Beverages renders a subsequent probation revocation for the same offense violative of the Fifth Amendment prohibition against double jeopardy.

■ The law in this jurisdiction is well settled that a violation of a condition of probation does not constitute an offense for purposes of double jeopardy. *Johnson v. State* (1987), Ind., 512 N.E.2d 1090; *Justice v. State* (1990), Ind.App., 550 N.E.2d 809; *Jackson v. State* (1981), Ind.App., 420 N.E.2d 1239.

■ The Fifth Amendment prohibition against putting any person twice in jeopardy of life or limb applies only to criminal proceedings. A probation revocation which only requires the State to prove a violation by the civil preponderance standard, rather than beyond a reasonable doubt, is not a criminal proceeding. *Jackson, supra.* In like fashion a parole revocation is not a criminal proceeding.

Therefore, neither the parole revocation nor the subsequent probation revocation was violative of the prohibition against double jeopardy.

Judgment affirmed.

SHARPNACK and BAKER, JJ., concur.