Steven R. MENIFEE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–
Plaintiff.   (Two Cases)

Nos. 48A04–9201–CR–11,
48A05–9201–CR–11.

Court of Appeals of Indiana,
Fourth District.

Oct. 15, 1992.

Geoffrey B. Yelton, Anderson, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Steven R. Menifee appeals the trial court's revocation of his probation.[1]

Menifee presents three issues for our review:

1. whether the trial court erred in failing to provide him with written statements of the conditions of his home detention;

2. whether the trial court erred in sentencing him; and

3. whether the evidence was sufficient to sustain the revocation of his probation.

We affirm.

On August 10, 1989, the trial court sentenced Menifee to six years for a burglary conviction. IND.CODE 35–43–2–1. The court ordered one year of the sentence to be executed and five years probation. On July 23, 1990, the trial court sentenced Menifee to eight years after he pled guilty to attempted robbery. IC 35–42–5–1 and IC 35–41–5–1. The trial court ordered four years of the sentence executed and four years of probation.

While on probation for both convictions, he committed theft and criminal mischief. IC 35–43–4–1 and IC 35–43–1–2. At a consolidated hearing on October 15, 1990, the trial court combined the probation violation notices for the burglary and attempted robbery convictions. The trial court accepted Menifee's plea agreement in which he pled guilty to the theft and criminal mischief charges and the probation violations. It sentenced him to one and one-half years for the theft and criminal mischief charges to be served with one-half year of the sentence executed and one year probation. For violating his probation for the attempted robbery, the trial court revoked his probation and ordered the execution of his four year sentence. As per the plea agreement, the trial court also ordered the sentence for burglary executed with it to be served concurrently with the attempted robbery sentence, but the theft and criminal mischief sentences were to run consecutively.

The trial court ordered Menifee to serve the sentence at the Riverside Correctional facility. However, after being expelled from the facility, Menifee petitioned for a modification of sentence and asked to be placed on home detention. After a hearing, the trial court granted his request. The trial court order stated he was placed on home detention and probation for the balance of his sentence.

On August 29, 1991, while Menifee was on home detention, his girl friend called the police twice asking for assistance in a domestic disturbance between Menifee, another man, and herself. As a result of this incident, the probation officer filed a notice of probation violation on September 12, 1991. After a hearing, the court concluded Menifee had violated the conditions of his probation and revoked it. The court ordered the original sentences to be executed, including six years for burglary, eight

---

1. Menifee filed three separate appeals in this court. *Menifee v. State,* no. 48A04–9201–CR–11, appeals the probation revocation involving Menifee's attempted robbery conviction. We are consolidating no. 48A04–9201–CR–11, with *Menifee v. State,* no. 48A05–9201–CR–11, which appeals the probation revocation involving his theft and criminal mischief convictions, since both are based on the same facts and issues. The second district is rendering a separate opinion in *Menifee v. State,* no. 48A02–9201–CR–16, which appeals Menifee's probation revocation involving his burglary conviction.

years for attempted robbery, and one and one-half years for theft and criminal mischief. The court ordered the sentences to run consecutively. Menifee appeals this revocation and sentence.

Menifee contends the trial court erred because it failed to give him a written statement of the conditions of his home detention as required by IC 35–38–2.5–6.

■ IC 35–38–2–1(a) imposes upon the sentencing court a duty to specify the conditions of probation in the record at the time it places a defendant on probation. IC 35–38–2.5–6 provides the conditions which are to be included in an order for home detention. The trial court's error in not providing a defendant with a written statement of the terms of probation is harmless if there is otherwise substantial compliance with the intent of the statute. *Atkins v. State* (1989), Ind.App., 546 N.E.2d 863, 865. To be sufficient, oral advisement of conditions of probation must apprise the defendant in adequately definite terms of the behavior required of him, must be addressed to the defendant, and must be identified as a condition of the defendant's continued probation. *Ratliff v. State* (1989), Ind.App., 546 N.E.2d 309, 311, *trans. denied.*

■ On July 23, 1990, at the sentencing hearing for the attempted robbery conviction, the trial court orally gave Menifee the conditions of his probation including the conditions he obey all laws of the state and behave well in society. At the October 15, 1990, hearing, the trial court again stated the same conditions for his probation. At the June 21, 1991, hearing, the trial court granted Menifee's petition to be placed on home detention. The court order stated Menifee was to be placed on home detention "under the ordinary and usual conditions of probation." However, the record is silent on the trial court's provision of the home detention conditions.

■ The State points out Menifee did not include in the record a copy of the petition to modify his sentence which is the basis for the trial court's grant of home detention and suggests we cannot know what conditions attached to the grant of the home detention. Menifee has the burden to provide the court with a record adequate to permit consideration of the error assigned. *Green v. State* (1989), Ind. App., 544 N.E.2d 172, 173, *trans. denied.* On appeal, we can consider only those matters which are contained in the record of proceedings submitted to the court. *Chambers v. State* (1990), Ind.App., 551 N.E.2d 1154, 1158. Even when the State pointed out this omission in its brief, Menifee failed to supplement the record as permitted in Ind.Appellate Rule 7.2(C)(2). Therefore, we have no basis to determine what the specific terms the trial court granted to Menifee. Accordingly, Menifee is precluded from arguing prejudice concerning this issue.

■ Furthermore, the trial court revoked Menifee's probation for committing an additional crime. It is not necessary to advise a defendant not to commit an additional crime as a condition of probation because such a condition is automatically a condition of probation by operation of law without a specific provision to that effect. *Atkins,* 546 N.E.2d at 865. This rule, which is usually cited in connection with IC 35–38–2–1(a), is equally applicable here. We find any error in not failing to provide Menifee with a statement of terms is harmless in these circumstances.

Menifee next contends the trial court erred in reinstating the original, previously suspended sentences. He maintains the trial court by accepting his plea agreement is bound by the five and one-half year sentence imposed at the first probation violation hearing on October 15, 1990.

Once a defendant is convicted of a criminal offense the trial court, in its discretion, may suspend a portion of the sentence and place the defendant on probation. IC 35–38–2–1. This grant of conditional liberty is a favor, not a right. *Ashba v. State* (1991), Ind.App., 570 N.E.2d 937, 938, *cert. denied* — U.S. —, 112 S.Ct. 1767, 118 L.Ed.2d 428 (1992). Once the court finds a person has violated a condition of probation, it may continue his probation, with or without modifying or enlarging the condi-

tions or order execution of the sentence that was suspended at the time of initial sentencing. IC 35–38–2–3.

■ Menifee cites no authority, nor can we find any, to support the proposition that the trial court's acceptance of the plea agreement at the October 15, 1990, probation revocation hearing resulted in a new judgment which wiped out all previously suspended sentences. The trial court consolidated the proceedings for both probation violation notices. The trial court accepted Menifee's plea agreement. Therefore, instead of ordering execution of both suspended sentences consecutively, it ordered the execution of the attempted robbery sentence and ordered it to run concurrent to the execution of the burglary sentence. The trial court's acceptance of the plea agreement at the first probation revocation hearing did not affect the original, suspended sentences or the trial court's authority to order the execution of the sentences at the second probation revocation hearing.

■ Lastly, Menifee contends the evidence is insufficient to sustain the revocation of his probation since the State failed to prove all the violations alleged in the September 12, 1991, notice of probation violation. A probation revocation hearing is in the nature a civil action. *Bane v. State* (1991), Ind.App., 579 N.E.2d 1339, 1341, *trans. denied.* The State must prove the violation of probation by a preponderance of the evidence. IC 35–38–2–3(d). When the sufficiency of a factual basis is challenged, we neither weigh the evidence nor judge the credibility of the witnesses. Rather, we look to the evidence most favorable to the State. *Stockey v. State* (1987), Ind., 508 N.E.2d 793, 794. If there is substantial evidence of probative value to support the trial court's conclusion the probationer is guilty of any violation, revocation of probation is appropriate. *Bryce v. State* (1989), Ind.App., 545 N.E.2d 1094, 1099, *trans. denied.*

■ The State concedes that evidence was not presented at the hearing on every alleged violation. However, revocation is appropriate if the State proves any

violation. *Boyd v. State* (1985), Ind.App., 481 N.E.2d 1124, 1127. In the present case, the State produced sufficient evidence of probative value to establish Menifee violated his probation. Two police officers testified they investigated a complaint regarding domestic violence on August 29, 1991. They stated they observed Menifee's house had been partially destroyed during the incident, Menifee's girl friend had sustained head injuries, and they were forced to wrestle with Menifee to complete their arrest. Menifee's girl friend testified but denied Menifee did anything violent that night.

The trial court had the right to accept any witness's account of the facts and disbelieve the account of any other witness. *Hunter v. State* (1977), Ind.App., 172 Ind. App. 397, 360 N.E.2d 588, 604, *cert. denied* 434 U.S. 906, 98 S.Ct. 306, 54 L.Ed.2d 193. The judge could, therefore, properly conclude Menifee committed a domestic battery, resisted law enforcement and arrest, and caused property damage. Any one of these violations warranted revocation.

Affirmed.

RATLIFF and CHEZEM, JJ., concur.