**Christopher JOHNSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A03–9209–CR–307.**

Court of Appeals of Indiana,
Third District.

Jan. 25, 1993.

Kenneth M. Hays, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Christopher Johnson appeals from the revocation of his probation following his conviction for battery, a Class C felony. Johnson's sole claim on appeal is that the trial court exceeded its authority when it revoked his probation for conduct occurring prior to the commencement of the probationary period.

On July 24, 1991, the State filed an information charging Johnson with Count I, robbery, a Class B felony; and Count II, battery, a Class A misdemeanor. Subsequently, the information was amended to add Count III, battery, a Class C felony. Johnson pleaded guilty to Count III, and the State agreed to dismiss Counts I and II. On December 2, 1991, the trial court accepted the guilty plea, and Johnson was sentenced to the Indiana Department of Correction for a term of five years, with three years suspended and two of those years on probation. The court further recommended that Johnson's first year be served at the Indiana Department of Correction and the second year at the DuComb Center.

In December of 1991, after Johnson arrived at the DuComb Center, a residential manager of the Center performed the necessary intake procedures. Johnson was read the rules of the Center, which included a term that he not leave the Center without permission. Johnson acknowledged that he understood the rules. On January 10, 1992, Johnson was granted permission to go to a nearby store. Johnson failed to return to the DuComb Center. As a result of Johnson's rule violation, the State filed a petition to revoke placement. A hearing was held on the petition. On April 21, 1992, the trial court issued an

order revoking Johnson's placement at the DuComb Center and committing him to the Department of Correction to serve the remainder of his five-year sentence.

█ Johnson argues that the trial court erred in revoking his probation prior to the commencement of the probationary period. Probation is a matter addressed to the sole discretion of the trial judge. *Campbell v. State* (1990), Ind.App., 551 N.E.2d 1164, 1169. A conditional liberty, such as probation, is a favor and not a right. *Ashba v. State* (1991), Ind.App., 570 N.E.2d 937, 940, *aff'd per curiam*, Ind., 580 N.E.2d 244. The probation statute specifically states that the court may "[t]erminate the probation; at any time." IND. CODE § 35–38–2–1. As we have previously determined, the language "at any time" permits a trial court to terminate probation before a defendant has completed his sentence or to revoke probation before the defendant enters the probationary phases of his sentence. *Ashba*, 570 N.E.2d at 939.

Johnson's reliance on *White v. State* (1990), Ind., 560 N.E.2d 45, is misplaced. In *White*, our supreme court found that once the term of probation expired, the trial court loses all jurisdiction over the defendant. *Id.* at 46. This is not the case here, as Johnson had not yet entered the probationary phase of his sentence. Further, Johnson was fully aware of the rules of the DuComb Center, and he readily admitted fleeing in violation of those rules. The trial court did not abuse its discretion in revoking Johnson's probation. *See* IND. CODE § 35–38–2.6–5(3) (if person violates terms of placement, court may revoke placement and commit person to department of correction for remainder of sentence). The revocation of Johnson's probation is affirmed.

Affirmed.

GARRARD and RUCKER, JJ., concur.