Marquita D. BRAXTON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A04–9311–CR–425.

Court of Appeals of Indiana, Fourth District.

July 27, 1994.

William Byer, Jr., Byer & Byer, Anderson, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

*Case Summary*

Appellant-defendant, Marquita D. Braxton ("Braxton"), appeals the revocation of her probation by the Madison Superior Court. We reverse.

*Issue*

Braxton presents two issues, which we consolidate and restate as: whether the trial court properly revoked her probation.

*Facts and Procedural History*

On June 15, 1992, Braxton pleaded guilty to Dealing In Cocaine, a Class B felony, pursuant to a plea agreement. The trial court accepted the plea and sentenced Braxton as follows: 15 years in the Indiana De-

partment of Corrections, with one year executed at the Madison County Detention Center; upon release from the detention center, one year on in-home detention; and probation for a period of 13 years.

Braxton began her in-home detention on January 12, 1993. The probation department filed a Petition for Termination of In–Home Detention Privileges on July 26, 1993. The trial court held an evidentiary hearing on August 16, 1993. After hearing evidence, the court found that Braxton had violated conditions of her probation and in-home detention. The court revoked her probation and ordered her to serve the remaining thirteen years of her sentence in the Department of Corrections. Braxton timely filed a praecipe for appeal on August 16, 1993.

### Discussion and Decision

Braxton contends the trial court erred in revoking her probation.

▆▆▆ Probation is a matter addressed to the sole discretion of the trial judge. *Johnson v. State* (1993), Ind.App., 606 N.E.2d 881, 882. A conditional liberty, such as probation, is a favor and not a right. *Id.* Under the probation statute, the trial court may terminate a defendant's probation at any time. IND.CODE § 35–38–2–1. However, prior to a revocation hearing, the state is required by the fourteenth amendment to furnish the probationer a written notice of the hearing and to state in that notice what violations the probationer has allegedly committed. *Harder v. State* (1986), Ind.App., 501 N.E.2d 1117, 1121.

▆▆▆ The probation department filed a "Petition for Termination of In–Home Detention Privilege" against Braxton alleging that she violated several of the in-home detention rules. After hearing evidence on the petition, the trial court revoked Braxton's in-home detention and her probation. The trial court's order stated that probation and in-home detention were revoked because Braxton failed to comply with scheduled treatment at the Crestview Center; tested positive for THC and possessed marijuana; was arrested for disorderly conduct and posses-

sion of marijuana; and tampered with in-home detention equipment.

Home detention is usually ordered as a condition of probation. IND.CODE 35–38–2.5–5. *But cf. Capes v. State*, (1994) Ind., 634 N.E.2d 1334. In *Capes*, our supreme court holds that pre-trial home detention is confinement for purposes of accruing good time credit. (If in-home detention is confinement for the purposes of credit time, then it is not probation. Persons on probation do not earn good time credit.) Furthermore, it appears from the record that the trial court ordered Braxton to serve home detention in addition to her thirteen years of probation. The record does not show that Braxton was informed that her in-home detention was a condition of her probation. This presents a problem as to the notice which must be afforded to Braxton concerning an alleged violation. In order to revoke Braxton's probation, due process demands that she first be given written notice that the state is petitioning to revoke her probation and written notice of the alleged probation violation. *Isaac v. State*, Ind., 605 N.E.2d 144, 148, *cert. denied* — U.S. —, 113 S.Ct. 2373, 124 L.Ed.2d 278. The petition filed by the probation department alleged only that Braxton had violated home detention rules and sought to have Braxton's in-home detention terminated. Braxton was not informed that her home detention was a condition of probation, that her probation was to be revoked or that she had allegedly committed probation violations. Therefore, Braxton was denied due process when the trial court revoked her probation without providing her with notice that the state sought to revoke the probation and without providing her with written notice of the alleged probation violations. *Id.*

Reversed with instructions to reinstate Braxton's probation.

RILEY, J., concurs.

ROBERTSON, J., dissents.

ROBERTSON, Judge, dissenting.

I respectfully dissent. By statute, the commission of an additional crime constitutes grounds for revocation of probation. Ind. Code 35–38–2–1(b)(2). Thus, we have held

that a condition of every probation, imposed by operation of law even in the absence of any express condition imposed by the court, is that the probationer refrain from criminal conduct during the probationary period. *Boyd v. State* (1985), Ind.App., 481 N.E.2d 1124. The trial court may revoke probation for the mere commission of a criminal offense during the probationary period which the State has properly established by a preponderance of the evidence. *Id.*

Similarly, a condition of every home detention order is that the offender is not to commit another crime while on home detention. I.C. 35-38-2.5-6(4). Under the present circumstances, there is no meaningful distinction between an order of probation and an order of home detention. By operation of law, the commission of another crime constitutes the grounds for the revocation of home detention, regardless of whether the trial court imposed an express condition that the offender refrain from criminal conduct while on home detention.

The possession of marijuana is a criminal offense. Ind.Code 35-48-4-11. The State sufficiently alleged and proved by a preponderance, that Braxton used and possessed marijuana while on home detention. Therefore, the trial court did not err in revoking Braxton's home detention and imposing the previously suspended sentence.

Moreover, the record affirmatively demonstrates that the State filed its first petition for revocation of home detention on October 9, 1992. The trial court held a hearing at which Braxton and her attorney were present and made the following entry:

> [Braxton] admits that she violated the conditions of her in-home detention privilege in that she used marijuana and cocaine.

After receiving substance abuse treatment, Braxton was placed back on home detention.

The present, corrected, amended petition for the revocation of Braxton's home detention was filed on July 26, 1993, and alleged that Braxton had violated the terms of her home detention by, among other violations, using and possessing marijuana on July 13, 1993. Considering Braxton's earlier in-court admission that a condition of her home detention was that she refrain from using marijuana, there can be no serious contention that she was not on actual notice of this condition at the time she committed the violations upon which the present revocation was based. Therefore, the failure to enter a written copy of the conditions of Braxton's home detention into evidence was harmless error because it did not prejudice her substantial rights. *See Boyd,* 481 N.E.2d 1124, 1126. Therefore, the trial court's revocation of Braxton's home detention and the imposition of her previously suspended sentence should be affirmed.