Willard CHILDERS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 52A05–9408–CR–00325.

Court of Appeals of Indiana.

Oct. 18, 1995.

Susan K. Carpenter, Public Defender of Indiana, Gregory L. Lewis, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Attorney General of Indiana, James A. Joven, Deputy Attorney General, Office of Attorney General, Indianapolis, for appellee.

## OPINION

SHARPNACK, Chief Judge.

Willard Childers appeals the revocation of his eight year suspended sentence that was to follow his prison sentence. Childers raises several issues for our review which we consolidate and restate as follows:

1. whether the trial court violated the double jeopardy clause by subjecting Childers to two revocation hearings based upon the same alleged violation of a condition of his suspended sentence;

2. whether the trial court erred when it revoked Childers' suspended sentence on the basis of a condition not specifically included in the plea agreement; and

3. whether the trial court erred by revoking Childers' suspended sentence on the basis of a violation which did not occur during the probationary period.

We affirm.

On February 13, 1992, the State charged Childers with burglary, theft, auto theft, and two counts of forgery. On October 5, 1992, the State filed an habitual offender charge. Pursuant to a plea agreement reached with the State, Childers pled guilty to burglary, forgery, and violating his parole from a prior sentence. In exchange, the State recommended twenty years imprisonment for the burglary charge, eight years for the forgery charge, and two years for the parole violation charge, to be served consecutively. In addi-

tion, the State recommended that the court suspend eight years of the sentence on the condition that Childers give a "clean-up statement." The court accepted the plea agreement and later sentenced him accordingly.

On April 20, 1993, the State filed a petition to revoke the suspended sentence, alleging that the eight years of suspension should be revoked "for reason that Defendant has committed a further criminal act, to-wit: Escape, Wabash County, Indiana." Record, p. 115. On May 20, 1993, the trial court conducted a hearing on the State's petition. After an outburst in court during which Childers threw a microphone and yelled obscenities, the court issued an order revoking the eight years it had suspended from Childers' sentence.

On August 26, 1993, the court, by its own motion and without explanation, set aside the May 20, 1993, revocation order. The court reinstated Childers' original sentence imposed on November 5, 1992.

On February 15, 1994, the court held another hearing on the State's petition to revoke the suspended sentence. The State and Childers stipulated to the existence and substance of the plea agreement, to the facts surrounding the escape, and to Childers' guilty plea to the escape charge. Further, the parties stipulated that Childers was never advised of any conditions pertaining to the suspension of the eight years other than those concerning the clean-up statement. On February 22, 1994, the court revoked the eight year suspended sentence on the ground that Childers violated the terms of his suspended sentence when he escaped from jail.

## I.

The first issue raised for our review is whether the court violated the double jeopardy clause by conducting two probation revocation hearings based on the same offense. We conclude there was no double jeopardy violation.

Childers does not argue that the revocation of his suspended sentence violated the prohibition against double jeopardy because it constituted multiple punishment for the

same offenses to which he pled guilty. Indeed, Childers concedes this argument has already been rejected numerous times on the grounds that the offenses were not identical. *See, e.g., Johnson v. State* (1987), Ind., 512 N.E.2d 1090, 1091 (holding probation revocation and criminal conviction based upon same offense did not violate double jeopardy); *Ashba v. State* (1991), Ind.App., 570 N.E.2d 937, 940, *affirmed,* Ind., 580 N.E.2d 244, *cert. denied* (1992), 503 U.S. 1007, 112 S.Ct. 1767, 118 L.Ed.2d 428 (finding a parole revocation on the basis of the same offense does not violate double jeopardy); *Justice v. State* (1990), Ind.App., 550 N.E.2d 809, 812 (holding an acquittal on criminal charges does not bar probation revocation on double jeopardy grounds). Instead, Childers claims that the trial court twice subjected him to jeopardy when it held more than one hearing to revoke his suspended sentence based upon Childers' escape from the Wabash County jail. On the contrary, we find the nature of these hearings was such that Childers' double jeopardy privileges were never implicated.

■ The double jeopardy clause of the United States Constitution mandates that "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. Const. amend. V. This clause embodies three separate but related prohibitions: (1) a rule which bars a reprosecution for the same offense after acquittal; (2) a rule barring reprosecution for the same offense after conviction; and (3) a rule barring multiple punishment for the same offense. *Jones v. Thomas* (1989), 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322; *Elmore v. State* (1978), 269 Ind. 532, 534, 382 N.E.2d 893, 894 (citing *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656). The law is well settled that a violation of a condition of probation does not constitute an offense for purposes of double jeopardy. *Ashba,* 570 N.E.2d at 940; *Johnson,* 512 N.E.2d at 1092; *Justice,* 550 N.E.2d at 810, 811; *Jackson v. State* (1981), Ind. App., 420 N.E.2d 1239.

■ The fifth amendment prohibition against putting any person twice in jeopardy of life or limb applies only to criminal pro-

ceedings. The Supreme Court has held that a probation revocation hearing is not a stage of a criminal proceeding. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. Indiana courts have expanded on this concept by finding that a probation revocation hearing is not a criminal proceeding because it requires the State to prove a violation by the civil preponderance standard, rather than beyond a reasonable doubt. *Ashba,* 570 N.E.2d at 940; *Jackson,* 420 N.E.2d at 1241, 1242; *Henderson v. State* (1989), Ind., 544 N.E.2d 507, 512. During a revocation hearing, the court must determine whether a convicted defendant has complied with the terms previously imposed by the court as conditions for suspending a portion of the sentence. Thus, revocation proceedings are based upon violations of probation conditions rather than upon the commission of a crime. *Culley v. State* (1979), 179 Ind. App. 345, 385 N.E.2d 486, 488. Because the trial court imposed the specific conditions of probation, the finding of whether a defendant has complied with these conditions is a question of fact and not an adjudication of guilt. *Henderson,* 544 N.E.2d at 512.

■ The trial court has discretion to suspend part of a sentence, and, in turn, to grant probation. Ind.Code § 35–50–2–2; *Flynn v. State* (1980), Ind.App., 412 N.E.2d 284, 288, 289. "There is no constitutional right to probation or suspended sentences for convicted criminals, and there is no absolute right to these benefits for anyone under our statute, since their granting or denial rests within the judge's discretion." *Downs v. State* (1977), 267 Ind. 342, 369 N.E.2d 1079, 1083, *cert. denied,* 439 U.S. 849, 99 S.Ct. 151, 58 L.Ed.2d 151. The suspension of a portion of a sentence is a grant of conditional liberty; suspension is a favor to the defendant, not a right. *Menifee v. State* (1992), Ind.App., 600 N.E.2d 967, 969, *reh'g denied,* (1993), Ind. App., 605 N.E.2d 1207; *Duncanson v. State* (1979), 181 Ind.App. 370, 391 N.E.2d 1157, 1164. Moreover, the court may terminate the probation at any time. I.C. § 35–38–2–1(b). If the court finds the defendant has violated a probation condition at any time before termination of the probationary period, and the petition to revoke is filed within

the probationary period, then the court may order execution of the sentence that was suspended at the time of the initial hearing. I.C. § 35–38–2–3(g).

█ Hence, we find that a violation of a condition of probation does not constitute an offense within the purview of double jeopardy analysis. Therefore, the double jeopardy clause was not implicated by the second probation revocation hearing, and the trial court did not err.

█ As an alternative ground, Childers claims that his counsel at the second revocation hearing was ineffective because he failed to object to the second hearing on double jeopardy grounds. A probationer's right to counsel in a revocation hearing is a statutory right, guaranteed by I.C. § 35–38–2–3(e). Because this is a civil proceeding, we apply a less stringent standard of review in assessing counsel's performance. If counsel appeared and represented the petitioner in a procedurally fair setting which resulted in judgment of the court, it is not necessary to judge his performance by rigorous standards. *See Baum v. State* (1989), Ind., 533 N.E.2d 1200, 1201. Further, even if there was a constitutional right to counsel at such hearings, our supreme court has held that "[w]here an appellant cites counsel's failure to object to support a claim of ineffective assistance of counsel, appellant is required to demonstrate that a proper objection would have been sustained by the trial court." *Lowery v. State* (1994), Ind. 640 N.E.2d 1031, 1042, *reh'g denied, petition for cert. filed,* Aug. 24, 1995.

Childers argues that his counsel should have objected to the second revocation hearing based upon the alleged double jeopardy violation. However, we have found above that the double jeopardy clause was not implicated by the hearings. Therefore, Childers failed to demonstrate that the trial court would have sustained such an objection. As a result, he cannot prove he suffered from ineffective assistance of counsel.

## II.

The second issue presented for our review is whether the trial court erred when it revoked Childers' suspended sentence on the basis of a condition not specifically included in the plea agreement. The court revoked the sentence on the grounds that Childers' committed another crime by escaping from jail. Childers argues his sentence cannot be revoked as a result of the escape because the plea agreement did not explicitly include the condition that he not commit another crime. We disagree.

█ Generally, the trial court is bound by the terms of a plea agreement it accepts. *Buck v. State* (1991), Ind.App., 580 N.E.2d 730, 732. However, it is not necessary to advise a defendant to avoid committing an additional crime as a condition of probation because such a condition is automatically included by operation of law without specific provision to that effect. *Menifee,* 600 N.E.2d at 969; *Atkins v. State* (1989), Ind.App., 546 N.E.2d 863; *Jaynes v. State* (1982), Ind.App., 437 N.E.2d 137, 139; *Hoffa v. State* (1977), 267 Ind. 133, 368 N.E.2d 250, 252. The relevant statute expressly provides, "If the person commits an additional crime, the court may revoke the probation." I.C. § 35–38–2–1(b)(2).

█ During the second revocation hearing, Childers stipulated that he had committed and pled guilty to escape. The trial court entered its findings based on the stipulation and concluded that Childers had committed another crime and violated his probation. Hence, the trial court did not err when it revoked Childers' suspended sentence for committing another crime even though this condition was not expressly included in his plea agreement.

## III.

The final issue raised for our review is whether the trial court erred by revoking Childers' suspended sentence when he had not yet entered the probationary period that accompanied the suspended sentence. We conclude the trial committed no error.

We have previously determined that a trial court may revoke probation before the defendant has entered the probationary phases of his sentence. *Johnson v. State* (1993), Ind. App., 606 N.E.2d 881, 882. Further, we have stated:

"The appellant would have us read this provision as exclusive; only if an individual is "on probation" may probation be revoked ... Sound policy requires that courts should be able to revoke probation for defendant's offenses committed before the sentence commences; an immediate return to criminal activity is more reprehensive [sic] than one which occurs at a later date."

*Ashba,* 570 N.E.2d at 937 (citation omitted).

Childers emphasizes that *Ashba* was decided under a prior version of the statute which read:

"(f) If the court finds that the person has violated a condition at any time before termination of the period, it may: continue him on probation, with or without modifying or enlarging the conditions; or (2) order execution of the sentence that was suspended at the time of initial sentencing."

I.C. § 35–38–2–3(f) (quoted in *Ashba,* 570 N.E.2d at 939). Childers argues that *Ashba* is no longer applicable because of changes in the statute. The current statute provides:

"(g) If the court finds that the person has violated a condition at any time before termination of the period, *and the petition to revoke is filed within the probationary period,* the court may:

(1) continue the person on probation, with or without modifying or enlarging the conditions;

(2) *extend the person's probationary period for not more than one (1) year beyond the original probationary period;* or

(3) order execution of the sentence that was suspended at the time of initial sentencing."

I.C. § 35–38–2–3(g) (emphasis added to denote additions to the statute). Specifically, Childers argues that because the legislature added the phrase "and the petition to revoke is filed within the probationary period", the entire meaning of the statute changed. We disagree.

■ The amendment makes no attempt to limit or clarify the effect of the original language which permitted a petition to be filed for a violation occurring "at any time before termination of the period." I.C. § 35–38–2–3(g). The addition merely addresses when the actual petition must be filed. Thus, the analysis in cases interpreting the former statute on the question of when the violation itself occurs remains valid. *See Ashba,* 570 N.E.2d at 939, 940; *Johnson,* 606 N.E.2d at 882. Hence, as we have previously determined, the language "at any time" permits a trial court to revoke probation before the defendant enters the probationary phase of his sentence. *Id.* Therefore, the trial court did not err in revoking Childers' suspended sentence based on a violation occurring before the commencement of the probationary period.

For the foregoing reasons, we affirm the trial court's judgment in all respects.

AFFIRMED.

ROBERTSON and CHEZEM, JJ., concur.