**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**RUTH ANN JOHNSON**
Marion County Public Defender's Office
Indianapolis, Indiana

**LILABERDIA BATTIES**
Batties & Associates
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY K. MCCULLOUGH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1110-CR-955 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley Kroh, Judge Pro Tempore
Cause No. 49G03-0905-FC-51550

**July 12, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Anthony McCullough appeals the trial court's revocation of his probation and calculation of his credit time. McCullough raises two issues, of which we find the first dispositive and restate as whether the trial court concluded that sufficient evidence was presented to revoke his probation. Concluding that the trial court's ultimate conclusion is inconsistent with revocation of McCullough's probation, we reverse.

## Facts and Procedural History

In May 2009, the State charged McCullough with four criminal counts: conspiracy to commit fraud on a financial institution as a Class C felony, fraud on a financial institution as a Class C felony, theft as a Class D felony, and check deception as a Class A misdemeanor. The State also charged him with failure to register as a sex offender, a Class D felony, under a separate cause number. In September 2009, the State and McCullough reached a plea agreement disposing of both cases, which consisted of, among other things, McCullough pleading guilty to fraud on a financial institution as a Class C felony and failure to register as a sex offender as a Class D felony, and the State dismissing the remaining charges and capping the initial executed portion of McCullough's sentence at two years.

In January 2010, the trial court entered a judgment of conviction for the two offenses to which McCullough pleaded guilty. Following a hearing, the trial court sentenced McCullough to eight years, of which 730 days (two years) were to be executed on home detention with electronic monitoring services, and six years were suspended. The trial court stated McCullough shall receive one day of credit for time served prior to sentencing, and he was placed on probation for two years while on home detention.

2

Before the two-year period expired, police searched McCullough's home pursuant to a search warrant on August 1, 2011, arrested McCullough, and charged him with possession of marijuana, hash oil, salvia, or a synthetic drug, a Class A misdemeanor. Also on August 1, the State filed a Notice of Violation of Electronic Monitoring Services Rules, in which it alleged McCullough "violated the conditions of placement as follows":

> 1) On August 1, 2011 the above named defendant was arrested under cause number 110108937
> 2) As of August 1, 2011 the above named defendant has failed to provide verification for alleged work hours and time outside residence
> 3) As of August 1, 2011 the above named defendant owes a balance of $643 towards home detention fees.

Appellant's Appendix at 90. Ten days later, on August 11, the State filed a Notice of Probation Violation, alleging McCullough 1) was arrested and charged with possession of marijuana on August 1, and 2) failed to comply with electronic monitoring services. Id. at 91.

On August 26, the trial court held a hearing regarding both the notice of violation of electronic monitoring services and the notice of probation violation. At the opening of the hearing, the State informed the trial court that the case underlying the revocation proceeding regarding McCullough's possession of marijuana was dismissed a week earlier. Transcript at 5-6. Following the presentation of evidence, the trial court made the following remarks:

> THE COURT: . . .
> And what the EMS [(Electronic Monitoring Services)] has alleged that you were arrested on or about August 1 of 2011 under Cause Number – and it's got an extra digit here, I think – 11-0108939 [sic]. And just as an aside, I would ask, State, if you could suggest to EMS they want to be more specific in what they allege. I'm looking at the allegations filed on August 1st of 2011 from Electronic Monitoring Services. Is that – I don't even know if that's a valid cause number or what –

3

[STATE]: That's the DP case number, Judge.

THE COURT: Okay. So that's there. The other one is that allegation 2, [is] that you failed to provide verification of alleged work hours and time outside the residence. Allegation 3 is that you owed a balance and was not paid.

Those, I don't think any – <u>we've not been focusing on those and there hasn't been evidence on those allegations from EMS.</u>

\*\*\*

THE COURT: Okay. But, I do think, Mr. McCullough, you were on notice of what we were here for today is the marijuana case, and that's what, you know, the lawyers – it's the big issue being contested here today. And these exhibits . . . do convince the Court by a preponderance of the evidence that you did possess marijuana there in the house in violation of EMS rules. . . .

\*\*\*

So, these things all do convince the Court that the State has met the burden. If this was beyond a reasonable doubt, I don't know if it would meet that burden of proof. But, unfortunately for your situation, you're serving a sentence and the law doesn't require proof to that degree, it just requires by a preponderance and I think that the State has met the burden.

<u>Id.</u> at 132-35 (emphasis added).

At a sanctions hearing on September 2, 2011, the trial court stated:

[W]e're here on a sanctions hearing on the finding that the Court did find that the State had proven a notice of violation.

And, State, I've been reviewing this. And this was the Court's struggle that I had during the hearing is that the pleading for the notice of violation of Electronic Monitoring Services's rules did not allege the marijuana – or the new arrest for the marijuana. So I – the Court's constrained by what was pled.

A notice of violation is – well, it's very similar to a charging information. And if it's not charged, I don't know how the Court can find a notice of violation for EMS. <u>So the Court is going to find that there is no violation for the find – the Electronic Monitoring Services rules, as it wasn't pled that there was a – the possession of marijuana</u>.

And, you know, I look at the notice filed. It doesn't say anything about that. So that's the Court's ruling on the notice of violation of EMS.

On the other hand, the probation violation was proven. And the Court was – would be interested in any argument you have regarding sanctions for the probation violation.

\*\*\*

4

> THE COURT: . . . So the Court is not entering a violation for the EMS notice, but is finding that Mr. McCullough is in violation of his conditions of probation.

Id. at 150-54 (emphasis added).

The trial court's abstract of judgment indicates McCullough's probation was revoked and he received some credit time.[1] McCullough now appeals.

## Discussion and Decision

### I. Standard of Review

When reviewing the sufficiency of the evidence to support a revocation of probation, we consider only the evidence most favorable to the judgment without reweighing the evidence or judging witnesses' credibility. Woods v. State, 892 N.E.2d 637, 639 (Ind. 2008). A probation revocation hearing is civil in nature, and the State's burden is to prove the alleged violations by a preponderance of the evidence. Mogg v. State, 918 N.E.2d 750, 759 (Ind. Ct. App. 2009). If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation. Id. (citation and quotation omitted).

### II. Revocation of Probation

McCullough first argues revocation of his probation cannot be based on his possession of marijuana because his criminal charge for that conduct was dismissed per the plea agreement prior to the revocation hearing. But probation revocation proceedings are, at bottom, based upon violations of the conditions of one's probation rather than

---

[1] Although the amount of credit time is an issue McCullough raises on appeal, our conclusion renders irrelevant discussion of his credit time.

5

upon the commission of a crime. Childers v. State, 656 N.E.2d 514, 516 (Ind. Ct. App. 1995), trans. denied. A finding of whether a probationer has violated these conditions is a question of fact, under the preponderance of evidence standard, and is not an adjudication of guilt or innocence, under the beyond a reasonable doubt standard. Id. For these reasons, it is irrelevant to the determination of revocation that McCullough's criminal charge was dismissed.

Nevertheless, we agree with McCullough that the trial court erred in revoking his probation after concluding that insufficient evidence was presented as to each allegation. Upon review of the record, we note that the basis for revocation proceedings, in the Notice of Violation of Electronic Monitoring Services Rules and the Notice of Violation, included the following: 1) an arrest, 2) failure to provide verification of work hours and time outside his residence, 3) failure to pay at least some of his home detention fees, 4) an arrest and charge of possession of marijuana, and 5) "fail[ure] to comply with electronic monitoring services." Appellant's App. at 90-91. Following the presentation of evidence, the trial court concluded that insufficient evidence was presented to revoke McCullough's probation on any of these allegations except for that regarding his arrest for possession of marijuana. See tr. at 132-35.

The trial court initially concluded that evidence regarding McCullough's alleged possession of marijuana was sufficient to revoke his probation, see id., but later concluded that "there is no violation for the . . . possession of marijuana." Id. at 151. Yet, the trial court did revoke McCullough's probation for his "violation of his conditions of probation." Id. at 154. This latter statement, concluding McCullough violated his

6

conditions of his probation, contradicts the trial court's statement at the close of the evidentiary hearing that no evidence was presented as to any other allegation.

We do not opine here on whether sufficient evidence was presented to revoke McCullough's probation as to any of the allegations made in either the Notice of Violation of Electronic Monitoring Services Rules or the Notice of Violation. We conclude only that the trial court – in separate statements at separate hearings – concluded that evidence presented was insufficient to support revocation as to each allegation. As a result, we conclude the trial court erred in revoking McCullough's probation anyway.

## Conclusion

The trial court erred in revoking McCullough's probation, and therefore we reverse.

Reversed.

BAILEY, J., and MATHIAS, J., concur.

7