**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KAREN CELESTINO-HORSEMAN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIE JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1308-CR-726 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Todd A. Woodmansee, Judge
The Honorable Michael S. Jensen, Magistrate
Cause No. 49G20-1106-FA-39716

**April 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Willie Johnson appeals the revocation of his community corrections placement and probation. He argues he did not admit the allegations against him, and thus the State was required to prove he committed the probation violations it alleged. We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 7, 2012, Johnson pled guilty to Class C felony possession of cocaine[1] and Class A misdemeanor resisting law enforcement.[2] The trial court sentenced him to an aggregate sentence of eight years, with six years executed to work release through community corrections and with two years suspended. Johnson was ordered to serve one year on probation.

On June 21, 2013, Marion County Community Corrections (MCCC) alleged Johnson violated the conditions of his employment pass on five occasions, and did not comply with his community corrections financial obligation. On June 26, the Marion County Probation Department (MCPD) filed a Notice of Probation Violations arguing Johnson's probation should be revoked based on his violation of the terms of his community corrections placement.

At a hearing on the notices, the trial court asked Johnson if he wished to admit he "violated probation by violating Community Corrections[.]" (Tr. at 4.) Johnson answered "I wish to admit, but with an explanation." (*Id.*) The trial court told Johnson he was giving up certain constitutional rights by admitting the violations, and Johnson indicated he understood

---

[1] Ind. Code § 35-48-4-6(b)(1).
[2] Ind. Code § 35-44.1-3-1(a).

the waiver of his rights. After Johnson explained the violations, the trial court revoked his probation and ordered him to serve his entire sentence, minus the credit time he had accrued, in a correctional facility.

## DISCUSSION AND DECISION

Work release is a community corrections program. Ind. Code § 35-38-2.6-2. Placement in such programs is at the sole discretion of the trial court. Ind. Code § 35-38-2.6-3(a) (trial court "may order" placement in a community corrections program), and is a "conditional liberty" and "a favor, not a right." *Toomey v. State*, 887 N.E.2d 122, 124 (Ind. Ct. App. 2008).

> Our standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation.

*Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999), *reh'g denied*. If a person violates the terms of a community corrections placement, then the court may revoke the placement and return the person to the Department of Correction. Ind. Code § 35-38-2.6-5(3). Further, if a person violates the terms of his executed sentence, his probation can be revoked. *Johnson v. State*, 606 N.E.2d 881, 882 (Ind. Ct. App. 1993).

Regarding admitting the violations set forth in a notice of violation of probation:

> A person may admit to a violation of probation and waive the right to a probation violation hearing after being offered the opportunity to consult with

3

an attorney. If the person admits to a violation and requests to waive the probation violation hearing, the probation officer shall advise the person that by waiving the right to a probation violation hearing the person forfeits the rights provided in subsection (f).

Ind. Code § 35-38-2-3(e). If a defendant does not admit the allegations set forth in a notice of violation of probation, "the state must prove the violation by a preponderance of the evidence. The evidence shall be presented in open court. The person is entitled to confrontation, cross-examination, and representation by counsel." Ind. Code § 35-38-2-3(f). Johnson argues the State was required to prove he violated his community corrections placement, as set forth in Ind. Code § 35-38-2-3(f). We disagree.

When asked if he wanted to admit or deny the allegations against him, Johnson answered, "I wish to admit, but with an explanation." (Tr. at 4.) The trial court then stated:

> The Court: Okay. You understand by admitting, you give up certain constitutional rights. That includes the right to have a hearing in front of this Court where the State would have to prove by a preponderance of the evidence that you are in violation. You could confront and cross examine witnesses at that hearing. You could present your own evidence at that hearing, and you could appeal any decision made by the Court including any penalty imposed.
> By admitting, you'll be giving up all those rights other than the right to appeal any penalty imposed. Do you understand that?
> [Johnson]: Yes, Your Honor.
> The Court: Do you wish to waive those rights and admit that you're in violation?
> [Johnson]: Yes, Your Honor.
> The Court: All right. Show he admits to being in violation of Community Corrections and probation.

(*Id*. at 4-5.) Johnson then went on to explain he went to work on two of the days the State alleged he did not, but was sent home because he did not have proper shoes. He said he was at work on one of the other days, but a co-worker did not clock him in as he requested. At no

4

time during his testimony did he indicate he did not commit the violations alleged. Instead, his testimony consisted of excuses for the violations. As Johnson admitted to the violations alleged, and indicated he understood the waiver of rights in doing so as explained by the trial court, we find no error. Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.