Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**KURT A. YOUNG**
Nashville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| SHANNON L. SIMONS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )  No. 07A05-1308-CR-436 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE BROWN CIRCUIT COURT
The Honorable Judith A. Stewart, Judge
Cause No. 07C01-1301-FD-15

**April 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

After pleading guilty to operating a motor vehicle while intoxicated as a class D felony, Shannon Lynne Simons was alleged to have committed a violation of the conditions of her community corrections placement and probation. Simons appeals from the trial court's order revoking a portion of her probation, contending that the trial court abused its discretion by concluding that a violation had occurred, and by ordering that she serve ninety days of her previously suspended sentence.

We affirm.

On January 15, 2013, Simons was involved in a single-vehicle crash after losing control of her car, nearly striking another vehicle, and going over an embankment after striking a guardrail. Upon arriving in response to a call about the accident, Nashville Police Department Officer Tim True observed that Simons smelled strongly of alcohol, her speech was slurred, and her eyes were red and watery. Simons was arrested and the charges filed against her were elevated to class D felonies because she had a prior conviction for operating a vehicle while intoxicated within five years of the current offense.

Pursuant to a plea agreement, Simons pleaded guilty to class D felony operating a motor vehicle while intoxicated. The trial court sentenced Simons to 545 days of incarceration with ninety days executed in a community corrections work-release program. Of the conditions of her probation, Simons was not to use or possess alcohol, and was not to "attend any place where you must be 21 years of age to enter *except as necessary for employment*." *Appellant's Appendix* at 8, 29 (handwritten addition italicized). Another condition provided that "[t]he successful completion of any executed time in the above

2

sentence is a condition of your probation. You shall comply with all conditions of the Road Crew/Work Release/House Arrest program(s) and pay all required fees for said programs." *Id*. at 8, 29.

On June 18, 2013, Simons began her work release under the supervision of community corrections. Simons was employed by a pizza restaurant. On June 22, 2013, Simons, who smelled of alcohol, returned from work to the community corrections facility. Simons was tested and her blood alcohol content was measured at a level of .13. The State filed a petition requesting the revocation of Simons' probation based upon the positive alcohol test. The trial court held a hearing at which Simons admitted she had consumed alcohol and violated the conditions of her work release. The trial court found that Simons had violated the terms of her placement with community corrections. Simons's counsel challenged whether Simons was in violation of the terms of her probation, contending that the probationary period had not yet begun. The trial court rejected Simons's counsel's argument and the matter proceeded to disposition.

The trial court found that Simons had violated the terms of her suspended sentence and modified Simons's probation. The trial court revoked ninety days of Simons's suspended sentence, with the provision that if Simons were admitted to an inpatient drug-treatment program, complied with the treatment, and successfully completed the program, Simons would not be required to serve the remaining portion of her jail sentence. Simons now appeals. Additional facts will be supplied as needed.

Community corrections programs, like probation, serve as alternatives to commitment to the DOC, and both are made at the sole discretion of the trial court. *McQueen v. State*, 862 N.E.2d 1237 (Ind. Ct. App. 2007). Placement on probation or in a community corrections program is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Million v. State*, 646 N .E.2d 998, 1002 (Ind. Ct. App. 1995). We review challenges to the revocation of placement in a community corrections program using the standard of review we use when reviewing a revocation of probation. *See Monroe v. S*tate, 899 N.E.2d 688 (Ind. Ct. App. 2009). A revocation hearing is civil in nature, and the State need prove an alleged violation by only a preponderance of the evidence. *Id*. When reviewing a decision to revoke, we will not reweigh the evidence or judge the credibility of witnesses, and will consider only the evidence most favorable to the trial court's decision. *Id*. We will affirm the trial court if there is substantial evidence of probative value supporting revocation. *Id*.

The record reflects that Simons admitted that she had consumed alcohol in violation of the conditions of her placement with community corrections, and that admission was supported by the positive test result indicating a BAC of .13. Simons initialed and signed a list of conditions in advance of her participation in the work-release program. One of the conditions was that Simons "shall not use or possess alcohol whatsoever." *Appellant's Appendix* at 36.

Simons had previously served a period of time on probation for a conviction for possession of a controlled substance and operating a vehicle while intoxicated. A portion of Simons's probation and suspended sentence in that case was revoked because she initially

4

failed to complete a substance abuse program and tested positive for opiates, hydrocodone and methadone specifically, without possessing a valid prescription for them. Simons eventually completed and was released from her court-ordered outpatient drug treatment program, but those running the program were unaware that she had failed a drug screen at the same time she was released from the program. Simons admitted that she had problems making and keeping appointments for drug abuse treatment, but was eventually able to complete the program.

On June 18, 2013, Simons's baseline drug screen resulted in a positive test for methadone. Simons's original probation officer, Jennifer Acton, stated that she knew Simons struggled with addiction, particularly with opiates, which Simons combined with alcohol. Acton further stated that Simons had never demonstrated a desire to seek help for her addictions. Simons admitted that she failed her baseline drug screen because she decided to "party a little bit". *Transcript* at 26. There was substantial evidence of probative value supporting the revocation of Simons's probation.

Simons argues, however, that although she may have violated a term or condition of her work release and placement with community corrections, she did not violate a condition of her probation as her probationary period had not yet begun. Simons focuses on language contained in the trial court's order on guilty plea, sentencing, probation, and commitment, which provides that probation begins "upon release from incarceration." *Appellant's Appendix* at 7.

By statute, a trial court may revoke a person's probation if the person has violated a condition of probation during the probationary period. Ind. Code Ann. § 35-38-2-3 (West, Westlaw current with all 2013 legislation). As this court stated in *Baker v. State*, 894 N.E.2d 594, 596 (Ind. Ct. App. 2008) (quoting *Ashba v. State*, 570 N.E.2d 937, 939 (Ind. Ct. App. 1991)), regarding when a person's probationary period begins and considering federal-court reasoning on the subject, as a matter of "'sound policy . . . courts should be able to revoke probation for a defendant's offense committed before the sentence commences,'" as "'an immediate return to criminal activity is more reprehensive than one which occurs at a later date.'" The statute permits the trial court to terminate probation before a defendant has completed serving his sentence or may revoke probation before the defendant enters the probationary phases of his sentence. *Ashba v. State*, 570 N.E.2d 937 (Ind. Ct. App. 1991). A defendant's probationary period begins immediately after sentencing. *Baker v. State*, 894 N.E.2d 594 (Ind. Ct. App. 2008).

The trial court could have ordered that Simons serve the entirety of her previously suspended sentence based on the community corrections violation alone. I.C. § 35-38-2.6-5 provides that when a person placed in a community corrections program violated the terms of the placement, the trial court may, among other things, revoke the placement and commit the person to the Department of Correction for the remainder of the person's sentence. Application of the principle from *Ashba* to the context of revocation of the community corrections placement has resulted in the holding that under the language of the statute, there is nothing expressly limiting a trial court's discretion to revoke a placement in community

corrections to those occasions when the violation occurs during the period of placement. *Million v. State*, 646 N.E.2d 998 (Ind. Ct. App. 1995).

Simons's arguments that she was without notice that she could have her probation revoked because of her behavior in community corrections is unavailing. Simons was given and signed the terms of her probation on the day she was sentenced. One of those terms prohibited her use or possession of alcohol, and prohibited her from entering a place where admittance is allowed only to those who are more than twenty-one years of age, except as necessary for purposes of employment. Simons was put on notice that the successful completion of any executed time was a condition of her probation, and that she was required to be compliant with all conditions of the work-release program. The trial court did not abuse its discretion by revoking a portion of Simons's probation.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.