Clinton W. SHUMATE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 35A05–9901–CR–25.

Court of Appeals of Indiana.

Oct. 27, 1999.

Jill M. Wright, John W. Bailey, Matheny, Michael, Hahn & Bailey, L.L.P., Huntington, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Teresa Dashiel Giller, Deputy At-

torney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

STATON, Judge

Clinton W. Shumate appeals the revocation of his probation. Shumate raises two issues for our review, which we restate as:

I.  Whether the trial court violated the Double Jeopardy Clause by subjecting Shumate to two probation revocation proceedings based on the same alleged violation of probation.

II.  Whether a second probation revocation proceeding is precluded by the doctrine of res judicata.

We reverse and remand.

Shumate was convicted of dealing in a schedule I controlled substance, a Class B felony, on June 9, 1992. He was sentenced to ten years, with four years executed and six years to be served on probation. On January 28, 1997, a person named Clinton W. Shumate was convicted of a misdemeanor in Hamilton County, Ohio. Based on the Ohio conviction, the State filed a petition to revoke Shumate's probation. After a hearing, the trial court granted the petition to revoke on December 8, 1997. Shumate appealed, and this court reversed the probation revocation, holding that the State had not proven by a preponderance of the evidence that the Clinton W. Shumate convicted in Ohio was the same person whose probation was being revoked. Following the reversal of its first decision revoking probation, the trial court held another probation revocation hearing. At the second hearing, the State presented a photo of the Clinton W. Shumate convicted in Ohio, which revealed that the person convicted in Ohio was the Clinton W. Shumate who was on probation in Indiana. The trial court revoked Shumate's probation. Shumate appeals.

**I.**

*Double Jeopardy*

Shumate argues that the second probation revocation hearing violated his right to be free from double jeopardy because it was based on the same violation of probation alleged in the first probation revocation hearing. The Double Jeopardy Clause of the federal constitution mandates that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.

This court has addressed the issue of whether the protection against double jeopardy applies in the context of probation revocation. *Childers v. State,* 656 N.E.2d 514 (Ind.Ct.App.1995), *trans. denied ("Childers I ").* In *Childers I,* the State filed a petition to revoke the defendant's probation due to his commission of a criminal act while on probation. Following an outburst by the defendant at the first revocation hearing, the court revoked his probation. Three months later, the court set aside the revocation on its own motion and reinstated the defendant's probation. Later, the court held another hearing on the State's petition for revocation, and again, the court revoked the defendant's probation. On appeal from that revocation, the defendant argued that the Double Jeopardy Clause precluded a second revocation hearing based on the same violation of probation.

■■■ We held that "a violation of a condition of probation does not constitute an offense within the purview of double jeopardy analysis," and that a second probation revocation hearing, based on the same alleged violation that resulted in a revocation of probation that was later set aside, did not violate the prohibition against double jeopardy. *Id.* at 517. In reaching that conclusion, this court recognized that double jeopardy protection applies only to criminal proceedings, and that probation revocation proceedings are not criminal proceedings because violations must be proven only by a preponderance of the

evidence. *Id.* at 516. Further, we stated that "revocation proceedings are based upon violations of probation conditions rather than upon the commission of a crime," and that "the finding of whether a defendant has complied with these conditions is a question of fact and not an adjudication of guilt." *Id.* (internal citations omitted).

Shumate challenges the holding in *Childers I*, and argues that because the revocation of a person's probation subjects that person to a severe punishment, the protections against double jeopardy should apply in probation revocation proceedings. Shumate relies on Justice DeBruler's dissent from the denial of transfer in *Childers v. State*, 668 N.E.2d 1216 (Ind.1996) ("*Childers II*"). In his dissent, Justice DeBruler pointed out that "[w]hether a given sanction or proceeding is subject to the Double Jeopardy Clause is not determined by the State's characterization of it as either criminal or civil." *Id.* at 1217 (citing *U.S. v. Halper*, 490 U.S. 435, 446–48, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989)). Justice DeBruler noted that in *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), the Supreme Court held that the Double Jeopardy Clause applies to juvenile proceedings, even though they are not classified as criminal proceedings, because the purpose of those proceedings is to determine a juvenile's guilt or innocence and, as such, the proceedings subject juveniles to the stigma of a conviction and the deprivation of liberty for many years. *Childers II*, 668 N.E.2d at 1217 (DeBruler, J., dissenting). Justice DeBruler likened juvenile proceedings to probation revocation proceedings, and determined that double jeopardy should apply to both, based on the potential consequences. *Id.* at 1218.

■ We acknowledge Justice DeBruler's dissent, but decline Shumate's invitation to follow it. We hold that the Double Jeopardy Clause does not apply to probation revocation proceedings, and therefore, that the trial court did not violate the Double Jeopardy Clause by subjecting Shumate to a second probation revocation hearing.

## II.

### *Res Judicata*

■ Shumate contends that the revocation of his probation was barred by the doctrine of res judicata. Res judicata bars relitigation of a claim after a final judgment has been rendered, when the subsequent action involves the same claim between the same parties. *Hermitage Ins. Co. v. Salts*, 698 N.E.2d 856, 859 (Ind.Ct. App.1998). In order to prove that relitigation is barred by res judicata, four elements must be satisfied: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was or could have been determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the same parties to the present suit or their privies. *Id.*

Shumate argues that all four of these elements have been satisfied. The State counters that the reversal by this court of the first probation revocation nullified that original judgment, and thus, there was no judgment on the merits. However, Shumate does not argue that the first revocation is the judgment that gives rise to res judicata. Instead, he contends that the decision by this court reversing that revocation is the final judgment on the merits that precludes relitigation.

■ Neither party cited to, nor were we able to find, any Indiana case law that sets forth the res judicata effect of an appellate court decision reversing a judgment of the trial court based on insufficiency of the evidence. However, we did find instructive case law from another jurisdiction. In *Jimmy Martin Realty Group, Inc. v. Fameco Distributors, Inc.*, 300 S.C. 192, 386 S.E.2d 803 (S.C.Ct.App.1989), the South Carolina Court of Appeals was faced with the issue of whether an appellate court

reversal of a lower court judgment was a judgment that would satisfy the "judgment on the merits" element of res judicata. The *Jimmy Martin* court held that the appellate court reversal of the trial court judgment, based on the trial court's failure to grant the defendant's motion for a directed verdict and judgment notwithstanding the verdict, was a final judgment on the merits, and that the appellate court decision satisfied the "judgment on the merits" element of res judicata. *Id.* at 805. *See also,* 50 C.J.S. *Judgment* § 726 (1997).

Likewise, in Shumate's case, this court reversed the order of the trial court revoking Shumate's probation, based on insufficiency of the evidence. We hold that the reversal of the trial court's judgment revoking Shumate's probation was a judgment on the merits, and that it satisfies the "judgment on the merits" element of res judicata. Thus, any further proceedings relating to the revocation of Shumate's probation, based on the same violation of probation at issue in the first revocation proceeding, were barred by res judicata. The trial court erred by holding a second probation hearing, and by revoking Shumate's probation. We reverse the revocation of Shumate's probation and remand to the trial court with instructions to vacate its order revoking probation.

Reversed and remanded.

NAJAM, J., and RUCKER, J., concur.