**FOR PUBLICATION**



**FILED**

Jul 22 2013, 6:14 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRUCE W. GRAHAM**
Graham Law Firm, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

THOMAS DEXTER,                      )
                                    )
        Appellant-Defendant,        )
                                    )
            vs.                     )   No. 79A04-1212-CR-611
                                    )
STATE OF INDIANA,                   )
                                    )
        Appellee-Plaintiff.         )

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-0905-FA-12

**July 22, 2013**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Following remand from the Indiana Supreme Court, Thomas Dexter had a second habitual-offender hearing. The jury again found Dexter to be a habitual offender, and the trial court again enhanced Dexter's sentence by thirty years. Dexter now appeals arguing—for the second time—that the evidence is insufficient to support his thirty-year habitual-offender enhancement. Because we find that the certified transcript from Dexter's guilty-plea and sentencing hearing is sufficient to prove one of his underlying felony convictions and that his habitual-offender retrial was not barred by res judicata, we affirm.

**Facts and Procedural History**

The underlying facts in this case, taken from the Indiana Supreme Court's opinion, are as follows:

> The defendant, Thomas Dexter, lived in a Lafayette apartment with his girlfriend A.H. and her three daughters, including three-year-old K.S. On April 30, 2009, A.H. went to a morning appointment and left K.S. in Dexter's care, asking him to have her dressed by the time A.H. returned. Dexter proceeded to give K.S. a bath and then tossed her in the air. Dexter was unable to catch K.S., who was wet from her bath, and K.S. fell, striking both her head and her back on the tub. Dexter wrapped her in a towel and called 911. K.S. was rushed to a local hospital but soon was transferred to Riley Children's Hospital in Indianapolis due to an increase in her intracranial pressure. Sadly, K.S. died on May 5, 2009.

*Dexter v. State*, 959 N.E.2d 235, 236 (Ind. 2012).

The State charged Dexter with Class A felony neglect of a dependent resulting in death. The State also sought to have him sentenced as a habitual offender pursuant to Indiana Code section 35-50-2-8. In order to prove that Dexter was a habitual offender, the State alleged that Dexter had been convicted of felony theft in 2000 for an offense

committed in 1999 and convicted of felony residential entry and felony theft in 2005 for offenses committed in 2004. To carry its burden of proving the 2000 felony theft conviction, the State used a copy of the order entering judgment of conviction that was not signed by the trial judge. The State also used a "rules of probation" form, the presentence investigation (PSI) from the 2005 convictions, and the testimony of a probation officer. *Id.* at 237.

A jury convicted Dexter as charged and also found him to be a habitual offender. The trial court sentenced him to thirty years for his Class A felony conviction and enhanced it by thirty years based on his habitual-offender status. The court suspended five years to probation, for an aggregate sentence of fifty-five years.

Dexter appealed, arguing, among other things, that the evidence was insufficient to support his habitual-offender enhancement. This Court affirmed, *Dexter v. State*, 945 N.E.2d 220 (Ind. Ct. App. 2011), *trans. granted, vacated in part, and summarily aff'd in part*, and Dexter sought transfer arguing that the unsigned order entering judgment of conviction for felony theft was insufficient to prove beyond a reasonable doubt the fact of a prior conviction. Our Supreme Court granted transfer and held that "a judgment must be signed by the trial judge to constitute substantial evidence of probative value sufficient to sustain a habitual-offender enhancement" and that the "unsigned order of judgment was not probative of the fact of Dexter's alleged theft conviction in 2000." *Dexter*, 959 N.E.2d at 239. Although this Court had held that the record contained *other* evidence of probative value sufficient to support the jury's habitual-offender finding, the Supreme Court concluded otherwise. Specifically, the Supreme Court found that the rules-of-

3

probation form that was signed by both Dexter and the trial judge, the PSI from Dexter's 2005 convictions which showed that he had been convicted of felony theft in 2000, and the probation officer's testimony were not probative of Dexter's alleged 2000 theft conviction. *Id.* at 239-40. Accordingly, the Supreme Court held that Dexter's habitual-offender enhancement could not "stand on this record." *Id.* at 240. Nevertheless, the Supreme Court held that the State could retry Dexter on the habitual-offender enhancement. The Court noted that sentencing enhancements are treated differently than convictions and can be retried even where the enhancement is reversed because of insufficient evidence. *Id.* (citing *Monge v. California*, 524 U.S. 721, 727-34 (1998)).

On retrial in November 2012, the State acknowledged that the unsigned sentencing order from the 2000 theft conviction had been found inadequate and, instead, admitted the certified transcript from Dexter's May 31, 2000, guilty-plea and sentencing hearing for felony theft. Tr. p. 2. At the May 2000 hearing, Dexter was advised of the nature of the theft charge, his constitutional rights, and the possible penalties. The trial court found "a factual basis and enter[ed] judgment of conviction on . . . class D felon[y] [theft] and accept[ed] the plea agreement." State's Ex. 1, p. 9. The court then sentenced him. *Id.* A "Certificate" is attached to the end of the transcript from Dexter's May 2000 guilty-plea and sentencing hearing. The Certificate says that the transcript of the hearing is a "full, true, complete and correct transcript" of the hearing held on May 31, 2000, "all of which was recorded in open Court by Lanier Recording Device and later transcribed by" the court reporter, Jennifer K. Prange. State's Ex. 1 (end). It was the State's position on

4

retrial that the certified transcript was "enough" to show "proof of the judgment and conviction." Tr. p. 3.

The jury again found Dexter to be habitual offender, and the trial court again imposed a thirty-year enhancement.

Dexter now appeals.

## Discussion and Decision

Dexter makes two arguments on appeal. First, he contends that the transcript of his May 2000 guilty-plea and sentencing hearing is insufficient to support his 2000 felony theft conviction; therefore, his habitual-offender sentencing enhancement cannot stand. Second, he contends that his habitual-offender retrial was barred by the doctrine of res judicata.

## I. Habitual-Offender Enhancement

Dexter contends that the transcript of his May 2000 guilty-plea and sentencing hearing is insufficient to support his 2000 felony theft conviction; therefore, his habitual-offender sentencing enhancement cannot stand.[1] The sentence of a person convicted of a felony may be enhanced by up to thirty years if he is a habitual offender. Ind. Code § 35-50-2-8(h). The habitual-offender sentencing enhancement is available where the State proves beyond a reasonable doubt that the defendant has been convicted of two prior unrelated felonies. I.C. § 35-50-2-8(a), (g); *Dexter*, 959 N.E.2d at 237.

Here, it is apparent that the State did not present a proper judgment of conviction for Dexter's 2000 felony theft conviction at the November 2012 habitual-offender retrial

---

[1] Dexter does not challenge the 2005 convictions used to support his habitual-offender enhancement or the sequencing of his convictions.

because the judgment of conviction was not signed by the judge. In lieu of a signed judgment of conviction, the State presented the certified transcript from Dexter's May 2000 guilty-plea and sentencing hearing.[2] Although our Supreme Court held that the unsigned order entering judgment of conviction was not sufficient to prove the existence of Dexter's 2000 felony theft conviction, it did not rule out other methods of proving the existence of this conviction. In fact, our Supreme Court evaluated the other evidence that the State used in the first trial—the rules-of-probation form, the 2005 PSI, and the probation officer's testimony—but found that this evidence was not probative of Dexter's 2000 felony theft conviction.

As our Supreme Court held in the previous appeal in this case, "For almost 30 years, this Court has held that the State *must* introduce into evidence proper certified and authenticated records of the defendant's prior felony convictions in order to prove beyond a reasonable doubt the existence of those prior convictions." *Dexter*, 959 N.E.2d at 238. At Dexter's habitual-offender retrial, the State admitted into evidence the certified transcript from Dexter's May 2000 guilty-plea and sentencing hearing, which it did *not* present at Dexter's first trial and therefore the Supreme Court did not evaluate in the prior appeal in this case. At Dexter's May 2000 guilty-plea and sentencing hearing, a factual basis for felony theft was established and then the trial court accepted Dexter's guilty plea, entered judgment of conviction, and sentenced him. State's Ex. 1, p. 9. Accordingly, we find that the certified transcript from Dexter's May 2000 guilty-plea and

---

[2] Dexter does not argue that the transcript is not from proceedings involving him. Instead, he argues that the issue is whether the State "must introduce into evidence a properly certified and authenticated record of the defendant's prior felony conviction, or whether a transcript of a hearing of the guilty plea and sentencing is acceptable." Appellant's Br. p. 8.

6

sentencing hearing is sufficient to establish the fact of his 2000 felony theft conviction. *See Woods v. State*, 939 N.E.2d 676 (Ind. Ct. App. 2010), *trans. denied*.

## II. Res Judicata

Dexter next contends that his habitual-offender retrial was barred by the doctrine of res judicata. "Res judicata bars relitigation of a claim after a final judgment has been rendered, when the subsequent action involves the same claim between the same parties." *Shumate v. State*, 718 N.E.2d 1133, 1135 (Ind. Ct. App. 1999). In order to prove that relitigation is barred by res judicata, four elements must be satisfied: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was or could have been determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the same parties to the present suit or their privies. *Id.*

In its opinion, our Supreme Court held that the "State may retry Dexter on the habitual-offender enhancement" because retrial on a sentencing enhancement did not violate double-jeopardy principles. *Dexter*, 959 N.E.2d at 240. But Dexter points out that our Supreme Court did not mention anything about res judicata. In support of his argument that res judicata barred retrial in this case, Dexter relies on *Shumate*, 718 N.E.2d 1133, a probation-revocation case which in turn relied on a South Carolina Court of Appeals case, *Jimmy Martin Realty Group, Inc. v. Fameco Distributors, Inc.*, 386 S.E.2d 803 (S.C. Ct. App. 1989).

7

We first dispute whether *Shumate* applies to this case, a habitual-offender case. But even if it does, Dexter argues that "all four factors seemingly apply to Dexter's retrial of the habitual offender enhancement." Appellant's Br. p. 13. As for the second element, Dexter argues that a judgment was rendered on the merits "when the Indiana Supreme Court concluded that insufficient evidence supported the habitual offender count." *Id.* In the original judgment, the jury found that Dexter had been found guilty of felony theft in 2000 and therefore was a habitual offender. On appeal, however, our Supreme Court reversed Dexter's habitual-offender enhancement because it found that the evidence used to prove the 2000 theft conviction was inadequate. The Court did not reach any legal conclusion that would preclude Dexter from being found a habitual offender if the State proved the existence of the theft conviction; therefore, it expressly remanded the case for resentencing proceedings. Because our Supreme Court's decision was not a final judgment on the merits, the State was not barred from retrying Dexter under the doctrine of res judicata.

Affirmed.

KIRSCH, J., and PYLE, J., concur.