

**FILED**

Aug 05 2016, 5:40 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cory L. Montgomery,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 5, 2016<br><br>Court of Appeals Case No.<br>02A04-1511-CR-2013<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Samuel R. Keirns, Magistrate<br><br>Trial Court Cause No.<br>02D06-1203-FB-53 |

**Najam, Judge.**

## Statement of the Case

[1] Cory L. Montgomery appeals the trial court's revocation of his probation. Montgomery raises a single issue for our review, namely, whether the trial court's revocation of his probation, which followed the court's revocation of his

placement in a community transition program, violated the doctrine of res judicata. It did not. As such, we affirm.

## Facts and Procedural History

On July 16, 2012, Montgomery pleaded guilty to dealing in cocaine or a narcotic drug, as a Class B felony. The trial court sentenced Montgomery to thirteen years, with five years suspended. The court further ordered Montgomery to serve the final four years of his nonsuspended term on "active adult probation." Appellant's App. at 29.

On June 19, 2015, the trial court assigned Montgomery from the Indiana Department of Correction to the Allen County Community Transition Program, and the court ordered Montgomery to comply with certain conditions of reentry. In its order, the court informed Montgomery that, "[i]f probation was imposed in the original sentence, then the defendant shall report to the Probation Department as directed . . . ." *Id.* at 64.

On August 24, Montgomery appeared for a urine screen and attempted to use a urine sample that he had hidden in a condom behind his scrotum during that screen, but a drug screen technician prevented him from doing so. On August 27, the State filed its petition to revoke Montgomery's placement in the transition program. In particular, the State alleged that Montgomery:

> 1. Did not maintain good behavior. On or about August 24, 2015[,] the defendant is alleged to have committed the offense of Interfering with a Drug or Alcohol Screening Test and Possession of a Devi[c]e or Substance Used to Interfere with a

Drug or Alcohol Screening, a Class B misdemeanor as referenced in cause number 02D05-1508-CM-3278.

2.     On or about August 20, 2015, defendant failed to report for urine drug screen as instructed.

3.     On or about August 21, 2015, defendant failed to report for urine drug screen as instructed.

4.     Defendant failed to complete any of his 24 hours of court ordered community service by August 13, 2015[,] as instructed.

*Id.* at 65.

[5]    On August 31, the trial court revoked Montgomery's placement in the transition program. The court further revoked sixty days of actual credit time from Montgomery's sentence. The court then referred Montgomery to the Allen County Probation Department "for further action." *Id.* at 77.

[6]    On September 2, the State filed its petition to revoke Montgomery's probation. In particular, the State alleged that Montgomery:

1.     Did not maintain good behavior. On August 31, 2015, the defendant was terminated from the Re-Entry Program while serving the executed portion of his sentence.

2.     Did not maintain good behavior. On August 24, 2015, the defendant is alleged to have committed the offense of Interfering with a Drug or Alcohol Screening Test, a Class B Misdemeanor, as referenced in the affidavit of probable cause in cause number 02D05-1508-CM-3278.

*Id.* at 78.  After a contested evidentiary hearing, the trial court revoked Montgomery's probation and ordered him to serve five years in the Department of Correction.  This appeal ensued.

## Discussion and Decision

[7]  Montgomery appeals the trial court's revocation of his probation.  As our supreme court has explained:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.  The trial court determines the conditions of probation and may revoke probation if the conditions are violated.  Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed.  If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.  Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard.  An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

[8]  Montgomery's only argument on appeal is that the trial court's revocation of both his placement in the transition program and his probation violated the doctrine of res judicata.  According to our supreme court:

> Res judicata is a legal doctrine intended "to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and

their privies." It applies "where there has been a final adjudication on the merits of the same issue between the same parties." Stated in more detail:

> 1. the former judgment must have been rendered by a court of competent jurisdiction;
>
> 2. the former judgment must have been rendered on the merits;
>
> 3. *the matter now in issue was or might have been determined in the former suit*; and
>
> 4. the controversy adjudicated in the former suit must have been between the parties to the present action or their privies.
>
> If any element is absent, res judicata does not apply.

*Ind. State Ethics Comm'n v. Sanchez*, 18 N.E.3d 988, 993 (Ind. 2014) (emphasis added) (citations omitted).

[9]     We cannot agree that the trial court's subsequent revocation of Montgomery's probation was barred by its prior revocation of his placement in the transition program. In the language of res judicata, the matter in issue before the court during the probation revocation proceedings—Montgomery's placement on probation—was simply not the same matter in issue before the court during the

revocation proceedings on his placement in the transition program.[1]  And we are not persuaded by Montgomery's suggestion that the court was obliged to consider and determine those two separate matters once and for all during the revocation proceedings for his placement in the transition program.

[10]  Placement on probation and placement in a community transition program are not one and the same, and the court's consideration of those options is not mutually exclusive.  Rather, those options are two of many tools in the trial court's toolbox for the court's use in the administration and supervision of a defendant's sentence, over which the court has continuing jurisdiction.  We conclude that the trial court's revocation of Montgomery's probation was not barred by res judicata and was not otherwise an abuse of the trial court's discretion.  Accordingly, we affirm the trial court's judgment.

[11]  Affirmed.

Vaidik, C.J., and Baker, J., concur.

---

[1] The other elements of res judicata are not at issue here.  There is no question that the sentencing court has continuing jurisdiction over a defendant such that it may modify or revoke his probation, I.C. §§ 35-38-2-1, -1.8, or placement in a community transition program, I.C. §§ 11-10-11.5-6, 35-38-1-25.  The court's revocation of either of those placements requires a judgment on the merits of the State's request for such revocation.  I.C. §§ 11-10-11.5-11.5(b), 35-38-2-1(a)(2).  And the State does not suggest on appeal that it was not represented at both hearings before the trial court.  *E.g.*, *Becker v. State*, 992 N.E.2d 697, 701-02 (Ind. 2013).