## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 29 2017, 8:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffery Hickman,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

June 29, 2017

Court of Appeals Case No.
84A01-1603-CR-551

Appeal from the Vigo Superior
Court

The Honorable Michael Rader,
Judge

Trial Court Cause Nos.
84D05-1211-FD-3627
84D05-1210-FD-3404

**Brown, Judge.**

[1] Jeffery Hickman appeals the trial court's order finding that he violated the terms of drug court, entering judgments of conviction, and sentencing him. Hickman raises one issue which we revise and restate as whether the court erred or abused its discretion in entering judgments of conviction and sentencing him. We affirm.

*Facts and Procedural History*

[2] On October 25, 2012, the State charged Hickman under cause number 84D05-1210-FD-3404 ("Cause No. 3404") with: Count I, operating a vehicle while intoxicated endangering a person as a class A misdemeanor; and Count II, operating a vehicle while intoxicated endangering a person as a class D felony. On November 19, 2012, the State charged Hickman under cause number 84D05-1211-FD-3627 ("Cause No. 3627") with: Count I, operating a vehicle while intoxicated endangering a person as a class A misdemeanor; Count II, resisting law enforcement as a class D felony; Count III, resisting law enforcement as a class A misdemeanor; and Count IV, operating a vehicle while intoxicated endangering a person as a class D felony.

[3] On April 10, 2013, Hickman entered into an "OVWI DRUG COURT AGREEMENT" addressing both Cause No. 3404 and Cause No. 3627. Appellant's Appendix Volume 2 at 35. The agreement provided that Hickman would enter a plea of guilty under Cause No. 3404 to Count II, operating a vehicle while intoxicated endangering a person as a class D felony, and under Cause No. 3627 to Count IV, operating a vehicle while intoxicated endangering a person as a class D felony. The agreement provided that all other counts

would be dismissed and that entry of judgments of conviction and imposition of sentence were postponed for a period of thirty-six months from the date of the guilty plea. It also provided that Hickman acknowledged that compliance with the Drug Court Program required abstinence from alcohol and all controlled substances listed in Schedules I, II, III, IV, and V of the Indiana Code and that he participate fully in a program of substance abuse treatment and counseling. The agreement stated that if Hickman satisfactorily complied with the conditions, then upon the expiration of thirty-six months from the entry of the guilty plea, the prosecutor would consent to the court entering an order allowing Hickman to withdraw his guilty plea, and if the court allowed the withdrawal, the prosecutor would then move for dismissal. The agreement further provided:

> 5. The Defendant understands that by entering this agreement he . . . consents to the jurisdiction of the Court over his . . . person for the period of 36 months from the entry of a guilty plea.

> 6. In the event the Prosecutor has probable cause to believe that there has been a violation of any of the conditions upon which the entry of a judgment of conviction and the imposition of sentence have been deferred, the Prosecutor may file a written motion with the Court requesting the entry of a judgment of conviction on the Defendant's plea of guilty and sentencing. The Prosecutor's motion shall set forth the date, the place, and the nature of the alleged violation of any condition upon which the entry of judgment and the imposition of sentence were postponed. The Court may issue either a summons to appear or a warrant for the Defendant's arrest and shall conduct an evidentiary hearing to decide whether a condition has been violated by the Defendant as alleged in the motion. The

Defendant shall be entitled to be represented by an attorney at the hearing. If the Court finds that a violation has occurred then the Court may immediately enter a judgment of conviction on the Defendant's plea of guilty, and the Court may immediately impose a sentence according to the statutory guidelines.

* * * * *

9. The Defendant understands and agrees that failure to appear for court dates, treatment appointments, or urinalysis testing, and positive urinalysis test results constitute violations of the conditions of the Agreement and will result in imposition of sanctions, a warrant being issued for his or her arrest, and may result in termination from the program.

*Id.* at 37-38.

[4] On December 16, 2015, the court held a hearing at which Hickman and his lawyer were present. The court stated: "Okay, now you were to screen at Club Soda on December 8th and it says here, screened a day late with a positive for opiates that were confirmed." Transcript at 72. After some discussion, the court stated: "We got a confirmed screen here, so I am going to assess twenty-four hours of community service and I want some of that done by January 6th, but not necessarily all of it." *Id.* at 73-74.

[5] On December 21, 2015, the State filed a petition to enter judgment of conviction. The petition alleged that Hickman violated the terms of the agreement by failing drug testing on December 9, 2015, by testing positive for opiates.

[6] On December 30, 2015, Hickman filed a motion to dismiss the State's petition and argued that any additional sanctions or punishment beyond the twenty-four hours of community service ordered at the December 16, 2015 hearing would a violate res judicata and double jeopardy principles.

[7] On January 11, 2016, the court held a hearing and addressed Hickman's motion to dismiss. The court stated in part: "It hasn't been litigated. I haven't heard anything." January 11, 2016 Transcript at 2. The court also referred to the December 16, 2015 hearing as a status hearing and stated: "I can't just ex parte, State not here, do something and then say oh by the way, sorry, your petition is void, it's dismissed. I can't do that." *Id.* at 4. The court stated that it "issued a sanction and a punishment after having heard evidence from not the deputy prosecutor, but from an agent of the state, that there was an allegation of a positive test." *Id.* at 6. The prosecutor stated: "No, no, that's not an agent of the state, that is an arm of the court. That is not an agent of the state." *Id.* The court stated: "I think it's the court talking to itself, I tend to agree with that." *Id.* The court scheduled an evidentiary hearing for February 8, 2016. After a continuance, the court held an evidentiary hearing on February 22, 2016.

[8] On February 25, 2016, the court entered an order finding that Hickman violated the terms of the Drug Court as follows:

> [Hickman] tested positive on a drug screen on December 9, 2015.
> The Court finds [Hickman] has a history of deception.
> [Hickman] advised he volunteered to enroll in the Community
> Christian Counseling Program and maintain compliance with
> that program while in the Drug Court Program. The Court is

advised [Hickman] failed to appear on three (3) separate appointments made by that program and has not followed up with any further appointments or counseling. Further, [Hickman] did not keep an appointment with Choices Consulting on January 11, 2016.

Appellant's Appendix Volume 2 at 71. The court entered judgments of conviction under Cause Nos. 3404 and 3627 and sentenced Hickman to three years under Cause No. 3404 and a consecutive sentence of three years under Cause No. 3627.

## Discussion

[9] The issue is whether the trial court erred or abused its discretion in entering judgments of conviction and sentencing Hickman. Hickman argues that the imposition of twenty-four hours of community service and his sentence constitute a violation of the prohibition against double jeopardy. He alternatively argues that the doctrine of res judicata bars relitigation.

[10] The State contends that the principles of double jeopardy are inapplicable to drug court revocation proceedings and that, even if a double jeopardy analysis was applicable, the record shows that Hickman was revoked from drug court for more than one positive drug screen. The State also argues that its revocation petition and subsequent proceeding were not barred by res judicata because the issues in the two sanction proceedings were entirely different and the State did not seek or secure the community service sanction imposed by the trial court.

Ind. Code § 33-23-16-5 defines a "drug court" as "a problem solving court focused on addressing the substance abuse issues of defendants or juveniles in the criminal justice system . . . ." Ind. Code § 33-23-16-8 defines a "problem solving court" as "a court providing a process for immediate and highly structured judicial intervention for eligible individuals . . . ." "A problem solving court and [its] accompanying services . . . are available only to individuals over whom the court that established the problem solving court has jurisdiction." Ind. Code § 33-23-16-12(a). The Drug Court program is a forensic diversion program akin to community corrections, and we will review the termination of placement in a Drug Court program as we do a revocation of placement in community corrections." *Withers v. State*, 15 N.E.3d 660, 663 (Ind. Ct. App. 2014).

> For purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. The similarities between the two dictate this approach. Both probation and community corrections programs serve as alternatives to commitment to the [Department of Correction] and both are made at the sole discretion of the trial court. A defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right.

*Id.* at 663-664 (quoting *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009)). Generally, we will review a trial court's sentencing decisions for drug court violations for an abuse of discretion. *Id.* at 665. An abuse of discretion

occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* We review a trial court's legal conclusions regarding double jeopardy de novo. *Sloan v. State*, 947 N.E.2d 917, 920 (Ind. 2011).

[12] Generally, defendants "who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy." *Debro v. State*, 821 N.E.2d 367, 372 (Ind. 2005) (quoting *Lee v. State*, 816 N.E.2d 35, 40 (Ind. 2004) (quotation omitted)). *See id.* (observing that the agreement the defendant reached with the State provided him with the significant benefit of the possibility of no criminal conviction for his admitted criminal conduct and holding that the defendant could not be heard to complain following his failure to fulfill his part of the agreement).

[13] The OVWI Drug Court Agreement provided that Hickman understood and agreed that a positive urinalysis test result constitutes a violation of the conditions of the agreement and "will result in imposition of sanctions, a warrant being issued for his or her arrest, and may result in termination from the program." Appellant's Appendix Volume 2 at 38. The agreement also provided that the prosecutor may file a written motion requesting entry of judgment of conviction and that, if the court finds that a violation occurred, it may immediately enter a judgment of conviction on Hickman's plea of guilty. The agreement Hickman reached with the State provided him with a significant benefit, the possibility of no criminal conviction for his admitted criminal

conduct. Even assuming that Hickman did not waive his argument, we cannot say that reversal is warranted.

[14] The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Article 1, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense."

[15] As we have noted, "Drug Court is a forensic diversion program akin to community corrections and probation." *Withers*, 15 N.E.3d at 665. In *Childers v. State*, 656 N.E.2d 514, 517 (Ind. Ct. App. 1995), *trans. denied*, we held that a violation of a condition of probation does not constitute an offense within the purview of double jeopardy analysis and that the double jeopardy clause was not implicated by a second probation revocation hearing. In *McQueen v. State*, 862 N.E.2d 1237, 1243 (Ind. Ct. App. 2007), we stated that "[r]evocation proceedings are based upon violations of probation conditions rather than upon the commission of a crime, and the finding of whether a defendant has complied with these conditions is a question of fact and not an adjudication of guilt." We also held in *McQueen* that a violation of a condition of community corrections does not constitute an offense within the purview of double jeopardy analysis. 862 N.E.2d at 1244. Based upon our decisions in *Childers* and *McQueen*, we find unpersuasive Hickman's argument that the trial court violated double jeopardy. *See also Johnson v. State*, 512 N.E.2d 1090, 1092 (Ind. 1987) (rejecting the appellant's claim that the trial court erred in placing him in double jeopardy because of the State's moving forward in a probation

revocation proceeding on the same charges in the criminal case); *Kincaid v. State*, 736 N.E.2d 1257, 1259 (Ind. Ct. App. 2000) (holding that a violation of a condition of probation does not constitute an offense within the purview of double jeopardy analysis), *reh'g denied*; *Shumate v. State*, 718 N.E.2d 1133, 1135 (Ind. Ct. App. 1999) (holding that the Double Jeopardy Clause does not apply to probation revocation proceedings and that the trial court did not violate the Double Jeopardy Clause by subjecting the defendant to a second probation revocation hearing); *Ashba v. State*, 570 N.E.2d 937, 940 (Ind. Ct. App. 1991) (observing that the law in this jurisdiction is well settled that a violation of a condition of probation does not constitute an offense for purposes of double jeopardy), *aff'd by* 580 N.E.2d 244 (Ind. 1991), *cert. denied*, 503 U.S. 1007, 112 S. Ct. 1767 (1992).

[16] With respect to Hickman's argument regarding res judicata, the Indiana Supreme Court has held that "[r]es judicata is a legal doctrine intended 'to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies.'" *Ind. State Ethics Comm'n v. Sanchez*, 18 N.E.3d 988, 993 (Ind. 2014) (quoting *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013)). "It applies 'where there has been a final adjudication on the merits of the same issue between the same parties.'" *Id.* (quoting *Gayheart v. Newnam Foundry Co., Inc.*, 271 Ind. 422, 426, 393 N.E.2d 163, 167 (1979)). The Indiana Supreme Court has said:

Stated in more detail:

1. the former judgment must have been rendered by a court of competent jurisdiction;

2. the former judgment must have been rendered on the merits;

3. the matter now in issue was or might have been determined in the former suit; and

4. the controversy adjudicated in the former suit must have been between the parties to the present action or their privies.

*Id.* (citing *Chemco Transp., Inc. v. Conn*, 527 N.E.2d 179, 181 (Ind. 1988)). If any element is absent, res judicata does not apply. *Id.*

[17] We addressed a similar issue in *Montgomery v. State*, 58 N.E.3d 279 (Ind. Ct. App. 2016). In that case, the trial court sentenced Montgomery to thirteen years with five years suspended and ordered that he serve the final four years of his nonsuspended term on "active adult probation." 58 N.E.3d at 280. On June 19, 2015, the trial court assigned Montgomery from the Indiana Department of Correction to the Allen County Community Transition Program and ordered him to comply with certain conditions of reentry. *Id.* In its order, the court informed Montgomery that, "[i]f probation was imposed in the original sentence, then the defendant shall report to the Probation Department as directed . . . ." *Id.* On August 27, the State filed a petition to revoke Montgomery's placement in the transition program and alleged in part that he:

> Did not maintain good behavior. On or about August 24, 2015[,] the defendant is alleged to have committed the offense of

> Interfering with a Drug or Alcohol Screening Test and
> Possession of a Devi[c]e or Substance Used to Interfere with a
> Drug or Alcohol Screening, a Class B misdemeanor as referenced
> in cause number 02D05-1508-CM-3278.

*Id.* On August 31, the trial court revoked Montgomery's placement in the transition program, further revoked sixty days of actual credit time from Montgomery's sentence, and then referred him to the Allen County Probation Department "for further action." *Id.* On September 2, the State filed its petition to revoke Montgomery's probation. *Id.* In particular the State alleged that Montgomery:

> 1. Did not maintain good behavior. On August 31, 2015, the defendant was terminated from the Re–Entry Program while serving the executed portion of his sentence.

> 2. Did not maintain good behavior. On August 24, 2015, the defendant is alleged to have committed the offense of Interfering with a Drug or Alcohol Screening Test, a Class B Misdemeanor, as referenced in the affidavit of probable cause in cause number 02D05-1508-CM-3278.

*Id.* The trial court revoked Montgomery's probation and ordered him to serve five years in the Department of Correction. *Id.*

[18]   On appeal, Montgomery argued that the court's revocation of both his placement in the transition program and his probation violated the doctrine of res judicata. *Id.* at 281. We noted that probation was a matter of grace left to trial court discretion. *Id.* We held:

We cannot agree that the trial court's subsequent revocation of Montgomery's probation was barred by its prior revocation of his placement in the transition program. In the language of res judicata, the matter in issue before the court during the probation revocation proceedings—Montgomery's placement on probation—was simply not the same matter in issue before the court during the revocation proceedings on his placement in the transition program. And we are not persuaded by Montgomery's suggestion that the court was obliged to consider and determine those two separate matters once and for all during the revocation proceedings for his placement in the transition program.

Placement on probation and placement in a community transition program are not one and the same, and the court's consideration of those options is not mutually exclusive. Rather, those options are two of many tools in the trial court's toolbox for the court's use in the administration and supervision of a defendant's sentence, over which the court has continuing jurisdiction. We conclude that the trial court's revocation of Montgomery's probation was not barred by res judicata and was not otherwise an abuse of the trial court's discretion. Accordingly, we affirm the trial court's judgment.

*Id.* at 281-282.

[19]    Here, at the December 16, 2015 status hearing, the court discussed Hickman's positive screen for opiates and ordered that he complete twenty-four hours of community service. We cannot say that the matter of a sanction under the Drug Court program at the December 16, 2015 hearing was the same matter at issue following the State's petition to enter judgment of conviction where the court considered other Drug Court violations as well in terminating Hickman from the program and entering judgments of conviction. *See Montgomery*, 58

N.E.3d at 281-282. We also observe that the prosecutor was not present at the December 16, 2015 status hearing. We cannot say that the controversy previously adjudicated was between the parties to the present action. Accordingly, we cannot say that res judicata barred the entry of judgments of conviction.

## Conclusion

[20] For the foregoing reasons, we affirm the trial court's entry of judgments of conviction in Cause No. 3404 and Cause No. 3627.

[21] Affirmed.

Vaidik, C.J., and Bradford, J., concur.